Parker, J.
With respect to the first bill of exceptions, there appears to be nothing calling for any particular observation. The execution of the receipt being proved by other evidence, it was plainly unnecessary to call upon the sheriff who gave it.
The question whether, in an action upon an indemnifying bond taken under the 25th section of the act, 1 Rev. Code, eh. 134. p. 533. the deputy sheriff who levied the execution and took the bond, can be examined by the defendant, to disprove the claim of the relator, is one not free from difficulty ; and we accordingly find the judges equally divided upon it, in the case of Stevens & al. v. Bransford &c. 6 Leigh 246. It is remarkable that in this case no reference whatever is made to the previous decision of Carrington v. Anderson, 5 Munf. 32. establishing the negative of the proposition; and we are left in doubt how far it would have influenced the opinion of the judges maintaining the competency of the deputy sheriff, had it been brought to their notice. One of them (judge Broclcenbrough) as it would seem from his observations in Brent v. Green, 6 Leigh 29. would have attached little weight to that case; but whether judge Carr recollected it, or would have considered it a binding authority, does not appear.
Under these circumstances, I cheerfully acquiesce in the judgment that will be given by a majority of this court, although my impression is, that in a case like this, of contingent liability, the evidence ought to be received, and its weight left to the jury. The courts in modern times very wisely lean against objections to the competency of a witness on the ground of interest, unless where such interest is direct, certain and vested. If the interest is merely contingent, depending entirely upon another enquiry not involved in the issue then try *462 ing, the objection, as it seems to me, ought to go rather to the credit than to the competency of the witness. The bare possibility of his being made liable in a subsequent action, upon the trial of a very different issue from the one in which he is called to testify, should not, if the attainment of truth be the object, be permitted to exclude him. Thus, in the case at bar, the gist of the action was whether the property seized belonged to the relator. No matter how that fact was decided, it did not make the sheriff, who levied the execution, certainly liable, or liable (as some of the authorities express it) in any event. The act of assembly protected him, unless the obligors in the bond were insolvent; and as no evidence was given of that fact, the interest was not certain, but altogether doubtful and contingent. If the evidence of the sheriff induced a verdict against the relator, he relieved himself, it is true, from all responsibility ; and this is said to be an interest which disqualifies; but that is the very point in controversy. Relief from a certain responsibility, however small, does disqualify; but relief from a possible responsibility, however great, ought not, in reason, to have that effect. The interest depends on a fact to be ascertained; namely, the solvency of the obligors in the bond. They may be the wealthiest citizens in the country; the penalty of the bond may bear a very small proportion to their known means; and then the sheriff’s interest is nothing, and there is no bias on his mind to affect his testimony. So, by a change of circumstances, that bias may exert more or less influence. These are matters proper for the consideration of a jury, who can alone give them their due weight; whilst the court, if it exclude, runs the risk of excluding in a case where no interest exists.
It must be admitted that in the event of the obligors’ insolvency, and in a subsequent action against the sheriff, the first verdict in favour of the plaintiff might be given *463 in evidence, to shew the amount of the damages sustained by the relator; and it is readily conceded, that in general, this is a proper criterion to determine the competency or incompetency of a witness thus situated. But I conceive, this criterion is not a universal one, and that it fails where the witness is not immediately answerable over, or in other words, where the verdict and judgment in the case do not fix his responsibility. These seem to be the principles recognized in Stewart v. Kip, 5 Johns. Rep. 256. and I have found no case in the english reports controverting them. In that case, the interest was remote, depending on the solvency of the obligors in the prison bounds bond ; but if the plaintiff recovered, and they proved insolvent, the officer was liable, and the verdict in the first action would have been evidence to prove the amount of damages; yet he was admitted as a competent witness for the defendant. There is no distinction in principle between that case and the one at bar; for the mere circumstance that here the deputy sheriff levied the execution and took the bond, can make no difference, as the contingent liability of both witnesses was conceded. So, in all the cases I have met with in the english books, the excluded witness was immediately answerable over, and would certainly be exposed to gain or loss by the establishment of the facts involved in the trial of the case: the necessary legal consequence of the verdict bettered his situation, by either securing a certain advantage or repelling a certain loss, dependant upon nothing to be ascertained thereafter in another suit. But here the necessary consequence of the verdict did neither; for if the obligors in the bond were solvent, it left the sheriff precisely where it found him. The case of Carter v. Pearce, 1 T. R. 163. may be cited in illustration of this distinction. There it was decided, that the co-obligor in an administration bond might be a witness to prove a tender by the administratrix. Yet if the judg *464 ment irad been obtained against her, a suit might have been brought against the surety, and the verdict in the first action been given in evidence against him to shew the amount of the damages. By establishing the ten- ^ surety refieved himself from this possibility. But the court held that the bare possibility of an action being brought against the witness was no objection to his competency; and Buller, J. said, “ this was not like the case of bail, for they are immediately and directly interested, since by a verdict against the principal the bail becomes immediately answerable.” He added, that “ in order to shew a witness interested, it is necessary to prove he must derive a certain benefit from the determination of the cause one way or the other; but in this case, supposing there were no assets, the administratrix would not be liable on her bond, and it does not appear how she has applied them.” So in the case at bar, supposing the obligors to be solvent, the sheriff was not liable under the law, and it does not appear how that fact was. In the case cited, it was equally true that if there were assets, both the administratrix and her surety would have been liable on the bond, at least for the costs, and that the evidence of the witness, of a tender, secured him against the chance of a future action for those costs: as the evidence in this case might have secured the witness against a future action for the debt.
In the case of Whitehouse v. Atkinson, 3 Carr. & Payne 344. 14 Eng. C. L. Rep. 339. lord Tenterden decided, that in an action against the sheriff for goods taken and sold under execution, his officer, wTho had made the levy and had given security to the sheriff, was not a competent witness to prove the fairness of the sale, although he was indemnified by the execution creditor; “for,” said he, “if the result of this action is against the sheriff, the witness is liable at a certainty, and he never may get repaid his indemnity; therefore *465 it is his interest to defeat the action.” What would have been his judgment if the officer had only been liable in the event of the obligors in the indemnity bond proving insolvent, is strongly to be inferred from the expressions he uses; for surely, in that case, he could not have said that the witness was liable to a certainty.
There are other cases where, as it seems to me, the escape from a future contingent liability is not that certain interest that wjll exclude a witness; such as an executor’s being admitted, after he has meddled with the assets, to prove the will, although the effect of establishing it may be to hinder him from being sued as an executor de son tort. But I forbear to press them, being content with thus shewing the grounds which would induce me to reverse this judgment, if the point is to bo considered an open one in this court. The same reasons would prevent me from hereafter extending the doctrine beyond this identical case.
Brockenbrough, J.
I am of opinion that the deputy sheriff who was produced as a witness in this cause, was a competent witness, and that the judgment ought to be reversed. I refer to the opinion which I expressed in the case of Brent v. Green, 6 Leigh 29.—to the opinions of judge Carr and myself in Stevens & al. v. Bransford &c. 6 Leigh 246.—to the case of Stewart v. Kip, 5 Johns. Rep. 256.—and finally to the opinion now delivered by judge Parker,—in support of the judgment I have formed on the subject.
As the opinion of a majority of the court is now decidedly otherwise, I shall in future yield to the authority.
Cabell, J.
In the case of Stevens & al. v. Bransford &c. 6 Leigh 246.1 gave my opinion, at some length, that the officer levying an execution and selling the property was an incompetent witness, in an action of debt on an *466 indemnifying bond, to prove that the property belonged to the'person who was the defendant in the execution. The same point is involved in this case, and, in truth, 1 presents the only question which merits consideration.
After a careful review of Stevens & al. v. Bransford &c. and a diligent examination of all the additional authorities referred to, I am entirely confirmed in the correctness of the opinion which I gave in that case; and I have very little to add on the present occasion. I cannot, however, forbear to advert to the fact, that in the case of Stevens & al. v. Bransford &c. no reference was made by any of the judges to the previous case of Carrington v. Anderson, 5 Munf. 32. in which the very point-arose, and was decided by the unanimous opinion of the court. The arguments of the counsel are not given in the case of Stevens & al. v. Bransford &c. but it is to be presumed that they, also, failed to advert to it. For, had the case been mentioned by the counsel, or had it occurred to any judge of the court, it cannot be believed that it would have been unnoticed in the opinions delivered. I can say for myself, that if I had not forgotten its existence, I should have relied upon it in support of my opinion, rather than on the english authority to which I referred. I refer to it now, as concluding the question. I must also take occasion to remark that a more careful examination of the case of Stewart v. Kip, 5 Johns. Rep. 256. has convinced me that I erred in supposing that to be a similar case. A comparison of the facts of this case with the facts of that, and the remark of judge Spencer, who delivered the opinion of the court, will shew that the cases are materially and fundamentally different. In that case, the gist of the action was the escape of a debtor from the prison bounds, to which he had been admitted on giving the bond and security required by the law of New York; and the deputy sheriff who had fairly and legally taken the bond, which he could not havé legally refused to take, was called upon to testify *467 as to the fact of the escape from the hounds; a fact as to which he had no agency, and which he could not have prevented. Judge Spencer said, “ the witness not being called on to justify any act of his own or to disprove .. . . , , , . any negligence imputable to him, having no concern with the gist of the action between the parties, and his liability over being doubtful, depending on various facts not involved in the trial of this cause, his interest was too remote and contingent to exclude him from testifying.” Understanding that case as I now do, I entirely approve of it. But what is the case before us ? Here, the sheriff is called upon to justify his own act, the seizure and sale of property not liable to the execution, and by justifying it, to free himself from all responsibility, although the parties to the delivery bond taken by him may all be insolvent.
I know it has been said, that the bare possibility of an action being brought against a witness is no objection to his competency; Carter v. Pearce, 1 T. R. 163. But general remarks of judges must be considered in reference to the circumstances of the cases in which they were made. The liability of a deputy sheriff, on a judgment being obtained against the high sheriff, for such misconduct of the deputy as is imputed in this case, is not the bare possibility alluded to by the judges in Carter v. Pearce. For in that very case, justice Bullen, who united in the remark, said, “ this is not like the case of bail, because they are directly and immediately interested ; for if a verdict be given against the principal, the bail becomes immediately answerable.” Yet we know that after judgment against the principal, no action or proceeding can be immediately had against the bail; none can be had against him until a ca. sa. issues and is returned non est inventus. And even after that, his liability is not fixed, until a scire facias is returned executed. The case of a deputy sheriff, after judgment against his principal, is, in my opinion, very similar to *468 that of bail. The deputy becomes immediately answerable, but that liability is not fixed, and cannot be enforced, “ unless” (or until) “ the obligors in the indemnifying bond shall become insolvent.” 1 Rev. Code, ch. ^ 27< p> 6g4>
I think the judgment should be affirmed.
Tucker, P.
On the question made by the defendants’ first bill of exceptions, I am of opinion that the court properly permitted the receipt to go in evidence to the jury, and that it was not necessary to call upon the sheriff to prove it.
Upon the second question, I coincide with the opinions of judges Cabell and Brooke in the case of Stevens & al. v. Bransford &c. 6 Leigh 246. and in the unanimous decision of the court in Carrington v. Anderson, 5 Munf. 32. By whatever principle we try the question, the deputy sheriff appears to me to be an incompetent witness. Take it upon the ground of interest, and take the rule in the strongest language in which it has been couched. Admit that the interest must be direct and immediate, or, as it is otherwise expressed, a present, certain and vested interest, and not a mere uncertain and contingent interest. Here the interest of the deputy is certain, direct and immediate. He had, at the moment of delivering his testimony, a direct interest in • proving that the relator had no title to the property, because in that event he never could be made liable, even though the obligors should prove insolvent. He had a direct interest in defeating the plaintiff’s action, because he thereby discharged himself forever from every possible liability. By barring that action, he “ took a bond of fate.” He placed himself above contingencies. He converted his condition of possible loss into a state of certain security. He changed a state of hazard into a state of perfect safety. If the hazard itself was contingent, the interest to get rid of it was not so. *469 That was direct, immediate and urgent. Admit that the hazard was remote, still he had an immediate and direct interest to remove it altogether. Suppose the chances of the insolvency of the obligors were a hundred to one, yet as there is one chance of solvency, the liability is not certain, but contingent. But is the interest to get rid of this liability uncertain, when the chances of it are a hundred to one against him ? I cannot think so. A man has an interest, and a vendible interest, in a contingent estate, although it is possible neither he nor his vendee may ever enjoy it. And so a man may have a contingent liability, against which it may be his interest to secure himself. Suppose, in this case, A. had entered into a supplemental bond to the deputy sheriff, to indemnify him in case the obligors in the principal bond should prove insolvent: could A. have been a good witness to defeat the relator’s action, when he would thereby annul his own bond? And if he could not, how could the deputy be a witness, into whose shoes A. steps ? A supplemental surety never can be a witness to discharge the demand for which he is bound, however remote and improbable may be the chance of his being required to pay it. So it is with every person ultimately responsible, however remotely. Take it that Wilson Co. were assignees in this case, of a bond executed by William D. Tinsley. If, after suing with due diligence, they fail to recover from William D. Tinsley, the assignor is responsible to them. lie is therefore interested in defeating the present action on the indemnifying bond, by proving this property to belong to the debtor. Is he nevertheless a good witness, because it is still possible that William D. Tinsley has other property and is solvent, so that his own ultimate liability is not certain, even though his testimony should establish that the property here does not belong to the debtor? By no means. Yet he is in the like situation with the deputy sheriff, though with somewhat *470 greater chances of loss. Unless the deputy can defeat the plaintiff’s action, and thus make gpod the levy on the slave, he will He chargeable if the obligors in the bond prove insolvent. And unless the assignor can defeat the action, and thus make good the levy on the slave, he will be liable if the original obligor, the debtor, prove insolvent. The assignor is therefore directly interested in defeating the action, though his responsibility is uncertain and contingent, since the debtor may be solvent. He is therefore not a good witness to defeat the action; and for the same reason, the deputy sheriff is not.
Consider the case, secondly, with reference to the other rule; that “ a party has a direct interest where the necessary legal consequence of the verdict will be to better his situation, by either securing an advantage or repelling a loss.” 4 Stark. 747. Then here, the necessary legal consequence of a verdict against the plaintiff is to discharge the deputy forever, and thus to secure the advantage of being exempt from a responsibility and hazard, to which, before the verdict, be was exposed, and from which, by the verdict, he is exonerated forever. The verdict, indeed, against the relator, is a verdict for the deputy sheriff. It forever determines all proceedings against him. He is not merely entitled to use it in a future action (which of itself would disqualify him) but he is as immediately benefited by it as if he had been a party in the suit, since it settles the controversy forever as to him.
It seems, however, to be supposed that the deputy is not interested, because the verdict for the plaintiff does not conclusively fix him for the debt. It is said that “ it would not alone, or per se, render him liable : something else must be shewn, namely, the insolvency of the obligors.” This is not according to my understanding of the meaning of the rule. It is not necessary that the verdict, per se, should determine and fix the respon *471 sibility of the party. If it determines and fixes, beyond question, any one point on which his responsibility depends, he is incompetent to give evidence. If it constitutes one link in the chain by which he is to be bound, he will not be permitted to destroy that link. His interest to destroy it is direct, immediate, and urgent. To testify in such a case is, emphatically, to testify in his own cause.
My brother Parker having cited several cases, in the opinion just delivered, in opposition to the views I have presented, I will observe (with lord Kenyon in Bent v. Baker, 3 T. R. 27.) that “ an attempt to reconcile all the cases upon this litigated question would be fruitless.” It is sufficient to meet them with the case of Carrington v. Anderson, decided long ago by this court. But, in truth, little weight is due to some of them. The case of Carter v. Pearce, for instance, stands altogether alone. It has been followed, by no other, nor does it rest upon any other. Its argument, too, is unsound, and the report is short and unsatisfactory. Justice Buller admits that the bail above (or special bail) would not be a good witness, because he is immediately liable; whereas the surety in the administration bond is not liable, unless there are assets. But the bail is not liable, unless he fails to surrender the principal. In neither case is the party introduced as a witness, fixed for the debt by the verdict. His responsibility in both cases depends upon a supplemental matter; in the one upon the proof of assets and devastavit, in the other upon failure to prove a surrender. I cannot, then, consent to overturn the authority of a case in our own court, upon this decision.
The case in Carrington & Payne, I think, is for me. The deputy was there rejected, though he was indemnified. He could not suffer unless his guarantors proved insolvent. Yet ho was incompetent. So here, as he *472 will suffer if his guarantors (the obligors in the bond) prove insolvent, he was properly rejected.
The case of Stewart v. Kip seems to be in point; but I think it was improperly decided; and at any rate it cannot overrule our own decision in Carrington v. Anderson.
I am of opinion to affirm the judgment.
Brooke, J. concurred in opinion to affirm the judgment.
Judgment affirmed.